United States District Court
Southern District of Texas

**ENTERED**

November 13, 2025

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JESSICA SMITH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00336 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

In this employment discrimination case, Plaintiff Jessica Smith alleges that The University of Texas Medical Branch at Galveston ("UTMB") failed to accommodate her religious beliefs. UTMB has filed a motion to dismiss the lawsuit. *See* Dkt. 15. Smith, representing herself, has responded to the motion and requested an opportunity to amend her complaint to add a promissory estoppel claim. *See* Dkt. 17. For the reasons discussed below, I recommend that the motion to dismiss be granted, and I deny Smith's motion to amend.

## BACKGROUND

Smith worked as a telephone triage nurse at UTMB for approximately eight years. In early 2022, UTMB issued a policy requiring all its employees and contractors to be fully vaccinated against the COVID-19 virus or face termination. UTMB advised its employees and contractors that they could request an exemption from the vaccine mandate based on a "recognized medical condition(s) for which vaccines are contraindicated or religious beliefs, observances, or practices." Dkt. 1-1 at 7. An employee seeking an exemption from the COVID-19 vaccination policy for religious reasons was required to complete a two page form. That form asked the employee to "identify the particular, sincerely held religious belief, observance or practice that you would violate or forgo in receiving a COVID-19 vaccine." *Id.* at

5. The form also required employees to "[d]escribe how receiving a COVID-19 vaccine conflicts with your sincerely held religious belief, observance or practice." *Id.* According to the complaint, once an employee completed the religious exemption form, "a board of area religious leaders" would review it and determine whether to approve an exemption from the vaccination policy. Dkt. 1 at 9.

Smith contends that she "holds sincere *bona fide* religious beliefs that preclude her from receiving a COVID-19 vaccine." *Id.* at 17. Yet, Smith readily acknowledges that she *never* submitted a religious exemption form to UTMB. *See id.* at 12 ("Plaintiff did not complete Defendant's form to request a religious exemption."). UTMB terminated Smith's employment on April 19, 2022, for failing to comply with its COVID-19 vaccination policy by either becoming fully vaccinated or obtaining a medical or religious exemption.

In her complaint, Smith alleges that UTMB discriminated against her on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964 by failing to accommodate her religious beliefs. UTMB has moved to dismiss Smith's lawsuit for several reasons. First, UTMB argues that Smith's failure to timely effect service should result in dismissal. Second, UTMB contends that Smith's lawsuit is untimely because she did not file her lawsuit within 90 days of receiving her right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Third, UTMB insists that Smith has failed to state a failure-to-accommodate claim. I will examine each argument below.

## LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion, a court may consider: (1) the pleadings and any attachment to the pleadings; and (2) documents that a defendant attaches to its

motion to dismiss if those documents are referenced in the plaintiff's complaint and are central to the plaintiff's claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

## ANALYSIS

### A.    SMITH'S FAILURE TO TIMELY EFFECT SERVICE IS NOT A REASON TO DISMISS THIS CASE

UTMB's first argument is that Smith's lawsuit should be dismissed because she failed to timely effect service on UTMB. Smith filed her original complaint on November 21, 2024. She did not properly serve UTMB until July 22, 2025, or 244 days after the lawsuit was filed. Smith contends that service was delayed because she mistakenly assumed that a summons would be issued automatically. Once she realized that was not the case, Smith requested a summons and had UTMB served.

The Federal Rules provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Even if good cause is lacking, a district "court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).

"[W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan*, 546

F.3d at 326. "Dismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Consequently, the Fifth Circuit has limited a district court's discretion to dismiss claims with prejudice to those cases in which "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 326 (quotation omitted).

A plaintiff alleging a Title VII claim must file a civil action no more than 90 days after she receives statutory notice of her right to sue from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). Dismissing Smith's lawsuit for lack of timely service would preclude Smith from pursuing her Title VII claims. That would be incredibly unfair given that Smith is a pro se litigant who, quite understandably, does not have a firm grasp of the procedures surrounding the issuance of a summons. Because nothing in the record before me suggests that the delay in service was intentionally caused by Smith or that UTMB has been prejudiced in any way, this court lacks discretion to dismiss this action for untimely service. *See Millan*, 546 F.3d at 326. Thus, I recommend that the motion to dismiss for untimely service be denied.

**B.    SMITH'S FAILURE TO TIMELY FILE HER LAWSUIT IS SAVED BY THE EQUITABLE TOLLING DOCTRINE**

UTMB next argues that Smith's Title VII claim should be dismissed because it is untimely. As discussed, Smith had 90 days from the date she received her right to sue letter from the EEOC to file a civil action. *See* 42 U.S.C. § 2000e–5(f)(1). "The ninety-day window is strictly construed and is a precondition to filing suit in district court." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (quotation omitted).

Smith admits that she received her EEOC right to sue letter on August 22, 2024. *See* Dkt. 1 at 1. Smith was thus required to file her lawsuit by November 20, 2024. Although Smith put her lawsuit in the mail on November 19, 2024, the Clerk's office did not receive Smith's complaint until November 21, 2024, one day

outside the applicable limitations period. "[C]ompliance with a Filing requirement is not satisfied by Mailing the necessary papers within the allotted time. The papers must be filed by the clerk within the filing period specified in the applicable rule or order." *Lee v. Dallas Cnty. Bd. of Ed.*, 578 F.2d 1177, 1178 n. 1 (5th Cir. 1978). UTMB insists that this one day delay precludes this court from deciding this matter. I disagree.

Title VII's filing period is subject to equitable tolling. *See Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 970 (5th Cir. 2023). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Instead, a court must "draw on general principles to guide when equitable tolling is appropriate." *Id.* Generally speaking, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 477 U.S. 250, 255 (2016) (quotation omitted).

This is not a case in which Smith haphazardly placed her complaint in the mail, uncertain of when it would arrive at the courthouse steps. On November 19, 2024, Smith paid $36.10 to deliver the complaint to the Galveston federal courthouse overnight. *See* Dkt. 17 at 37. The receipt clearly shows that she paid for one-day service, with a scheduled delivery date of November 20, 2024. *See id.* Unfortunately, the postal service did not timely deliver Smith's mailing as promised on November 20, 2024. For whatever reason, the lawsuit did not arrive at the Galveston federal courthouse until November 21, 2024. Smith cannot be blamed for the postal service's tardiness, as she exercised due diligence in pursuing

her rights. In Smith's own words, she "made an honest and good faith effort to effect timely filing of her complaint." *Id.* at 5.

Equitable tolling is "to be applied sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). This case, however, presents a rare and exceptional circumstance that warrants applying the doctrine. To deny equitable relief here would send a message to pro se litigants that the only way to ensure a document is timely filed is if they personally deliver that document to the courthouse. In the present case, that is unworkable considering that Smith lives in Mount Pleasant, Texas—a town more than 300 miles from the Galveston federal courthouse. Smith took reasonable steps to ensure that her complaint reached the courthouse by the November 20, 2024 deadline. A strict adherence to the 90-day statute of limitations would be inequitable here. As I have stated before, this "Court will go to great lengths to exercise its discretion to ensure a litigant has an opportunity to present her case to a judge or jury—especially when circumstances completely outside her control would otherwise slam the courthouse door in her face." *Jefferson v. Haza Foods*, No. 3:17-cv-00359, 2018 WL 5268756, at *6 (S.D. Tex. Oct. 5, 2018). Accordingly, I recommend that UTMB's motion to dismiss for Smith's failure to timely file her lawsuit be denied.

## C.    SMITH FAILS TO STATE A FAILURE-TO- ACCOMMODATE CLAIM

I now address UTMB's argument that Smith fails to state a Title VII failure-to-accommodate claim under Rule 12(b)(6).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). "Title VII also requires employers to accommodate the religious observances or practices of applicants and employees." *Hebrew v. Tex. Dep't of Crim. Just.*, 80 F.4th 717, 721 (5th Cir. 2023) (citing 42 U.S.C. §§ 2000e-2(a), 2000e(j)). "An employer has the statutory obligation to make reasonable accommodations for the

religious observances of its employees, but is not required to incur undue hardship." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 273 (5th Cir. 2000).

To plead a Title VII failure-to-accommodate claim, Smith must allege that: "(1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Davis v. Fort Bend County*, 765 F.3d 480, 485 (5th Cir. 2014) (quotation omitted). Although Smith does "not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, [Smith must] plead sufficient facts on all of the ultimate elements" of her Title VII claim to allege a plausible claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

UTMB argues that Smith has failed to allege the second and third prongs of a failure-to-accommodate claim because she has not pleaded that she informed UTMB of a religious belief that conflicted with UTMB's vaccine policy. I agree. It is undisputed that UTMB did not force all employees to take the COVID-19 vaccine irrespective of their religious views. To the contrary, UTMB instituted a process for employees to seek a religious exemption from the vaccine mandate. Employees seeking a religious exemption had to complete a form explaining why their religious beliefs conflicted with receiving the COVID-19 vaccine. Claiming that she found the religious exemption form "intrusive," Smith "did not complete Defendant's form to request a religious exemption." Dkt. 1 at 12. That was her choice, but Smith "cannot refuse to answer a reasonable question on the exemption form and then fault her employer for not engaging in an interactive dialogue." *Palms v. Tex. Childs. Hosp., Inc.*, No. 4:22-cv-03992, 2024 WL 1185123, at *2 (S.D. Tex. Mar. 19, 2024), *aff'd*, 150 F.4th 411 (5th Cir. 2025); *see also Watts v. Sch. Bd. of St. Landry Par.*, 213 F. App'x. 285, 286 (5th Cir. 2007) ("Because Watts has not established that his employer knew of his religious beliefs, he cannot show that his [adverse employment action] was based on religious discrimination.").

Because Smith has not stated a failure-to-accommodate religious discrimination claim, I recommend that the claim be dismissed.[1]

## D.    SMITH'S MOTION TO AMEND IS DENIED[2]

Having recommended dismissal of Smith's Title VII claim—the only claim over which this court has original jurisdiction—I deny Smith's request to amend her complaint to add a state law promissory estoppel claim.

This court does not have original jurisdiction over state law claims. "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). There is no point in permitting Smith to amend her complaint to add a claim over which this court should decline to exercise jurisdiction. Thus, if Smith believes that she has a state law claim against UTMB, she may pursue that claim in Texas state court.

## CONCLUSION

For the reasons set forth above, I recommend that UTMB's motion to dismiss Smith's Title VII failure-to-accommodate claim be granted for failure to state a claim under Rule 12(b)(6). Smith's motion to amend is denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

---

[1] It does not appear that Smith asserts a disparate treatment claim under Title VII. The only cause of action specifically referenced in the complaint is a failure-to-accommodate religious discrimination claim. To the extent that Smith's pleadings can be read expansively to advance disparate treatment as a theory of liability, such a claim fails because Smith has not alleged any facts to support that she was treated less favorably than a similarly situated employee outside her protected class. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

[2] A motion to amend is a nondispositive pretrial matter that may be decided by a magistrate judge. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).

SIGNED this 13 day of November 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE